IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
------------------------------------------------------------------------X
:
ROOSTER SOUL, LLC,                           :        Civil Action No.
                                             :
          Plaintiff,                         :
                                             :
                                             :        COMPLAINT FOR
     v.                                      :        TRADEMARK
                                             :        INFRINGEMENT AND
                                             :        UNFAIR COMPETITION
GOODIE BEVERAGES, LLC, and                   :
CHRISTINE SWEET, d.b.a. KILLER JOE COFFEE,   :
                                             :        JURY DEMAND
          Defendant.                         :
------------------------------------------------------------------------X

## PARTIES

1. Plaintiff, Rooster Soul, LLC (hereafter "Baby's Coffee") is a Florida Limited Liability Company doing business as Baby's Coffee and having a place of business at 3180 US Highway 1, Key West, Florida 33040 (hereafter "Baby's Coffee"). Baby's Coffee and its predecessors in interest have long prominently used, in interstate commerce, the word trademark KILLER JOE as its trademark for coffee (hereinafter the "Trademark") in connection with its business in the sale of ground and whole bean coffee, and, of particular relevance in this case, in the provision of restaurant services, including restaurant services as applied to coffee drinks, from the various restaurant facilities Plaintiff has operated over the years, including, without limitation, from its current retail facility in Key West, Florida.

2. Defendant, GOODIE BEVERAGES LLC ("KJT"), is a Texas Limited Liability Company with a place of business at 108 N. Fitzhugh Ave., Dallas, TX 75214 doing business as Killer Joe Coffee. Defendant operates a retail establishment at 108 N. Fitzhugh Avenue Defendant KJT, in the business of offering for sale and selling brewed coffee drinks, sandwiches,

desserts, restaurant services, catering services and related products from the establishment on Fitzhugh Avenue.

3. Defendant Christine Sweet ("Sweet") is a resident of Dallas, Texas residing at 214 Cliffdale Ave., Dallas, TX 75211 and upon information and belief operates and/or has operated a retail establishment at 108 N. Fitzhugh Ave., Dallas, TX 75214, doing business under the restaurant name "Killer Joe Coffee", and is and/or was in the business of offering for sale and selling brewed coffee drinks, sandwiches, desserts, restaurant services, catering services and related products, and/or is a predecessor in interest of Defendant KJT in its retail coffee and food business.

4. Accordingly, Defendants have infringed upon the long-established Trademark KILLER JOE of Plaintiff Baby's Coffee.

## JURISDICTION

5. This Court has jurisdiction over this action by virtue of:

(a)  Jurisdiction founded on the existence of a federal question arising under the Lanham Trademark Act.  The Court has jurisdiction under the Trademark Act of 1946, 15 U.S.C. 1121 and 1125(a), and the Judicial Code, 28 U.S.C. 1331 on account of the existence of a question arising under the Constitution, laws or treaties of the United States, and 28 U.S.C. 1338(a) in that this case arises under the trademark laws of the United States, 15 U.S.C. 1051 et seq.,

(b) Diversity jurisdiction under 28 U.S.C. 1332(a), as this action arises between a citizen of the State of Florida and a citizen of the State of Texas, and the matter in controversy exceeds the sum or value of $75,000.

(c) Jurisdiction over related common law claims of unfair competition. The Court has jurisdiction of the common law unfair competition claims herein under the provisions of 28 U.S.C. 1338(b) in that said claims are joined with a substantial and related claim under the trademark laws of the United States, 15 U.S.C. 1051 et seq.

(d) Venue is proper (i) under 28 U.S.C. 1391(b) insofar as (1) upon information and belief Defendant resides in this judicial district and/or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and/or because (3) if there is no district in which an action may otherwise be brought as provided under 28 U.S.C. 1391(b), a defendant is subject to this Court's personal jurisdiction with respect to this action; and/or under (ii) 28 U.S.C. 1391(c)(3) if Defendant is not resident in the United States because such a defendant may be sued in any judicial district.

## FACTS APPLICABLE TO ALL COUNTS

6. The present case relates to the field of the products sold by the parties, including, without limitation, restaurant services, coffee and drinks.

### Plaintiff's Business and the Building of the KILLER JOE Brand

7. The Trademark KILLER JOE was created by the Plaintiff's predecessor in interest and used by Plaintiff and its predecessors continuously for over 30 years, starting on June 6, 1994.

8. More particularly, in or about 1991, the Plaintiff's predecessor opened a coffee roasting business in Key West, Florida. Operations included the operation of a retail restaurant facility featuring coffee, sandwiches, desserts and other typical fare. Plaintiff and its predecessors have operated a restaurant facility continuously since about 1991, having had restaurants in Florida and for a limited period of time in Louisiana.

9. Plaintiff has continuously operated its coffee shop restaurant offering its KILLER JOE branded coffee drinks and sold mail-order its KILLER JOE branded coffee beans and ground coffee nationwide for over 30 years.

10. Plaintiff and his processors have always roasted their own coffee resulting in exceptional quality of the coffee drinks it offers from its retail establishment and exceptional quality in the whole bean and ground coffee which it provides its customers and its mail-order business.

11. KILLER JOE branded coffee is one of a number of coffee brands sold by Baby's Coffee. Since the inception of Plaintiff's use in 1994, the KILLER JOE trademark has been continuously used for over 30 years on whole bean, ground and fresh brewed coffee. Such use includes sales to hundreds of customers in the State of Texas. KILLER JOE branded coffee has been continuously offered and sold as a whole bean coffee in bags, both at Baby's restgaurants and by mail order. Such sales have included sales to customers in the city of Dallas and the State of Texas, generally. Additionally, KILLER JOE coffee has been continuously offered for over 30 years as a fresh brewed coffee at the retail establishments of Plaintiff and its predecessor:



For over 30 years, Killer Joe has been offered as one of Baby's Coffee's daily specialty brewed coffees and been enjoyed by tens of thousands of customers in this fashion. Coffee under the KILLER JOE brand has been continuously offered as fresh brewed coffee, by the cup at Plaintiff's retail facilities for over 30 years. Key West is a very active tourist destination and, accordingly, substantial traffic comprising individuals from all over the United States has been experienced by Baby's Coffee since at least as early as the introduction of the KILLER JOE brand. Sales of fresh brewed KILLER JOE coffee, related restaurant fare, and associated restaurant services have come to be associated with Baby's Coffee nationwide, resulting in the accumulation of substantial goodwill for the business of Baby's Coffee. Baby's also uses the Trademark KILLER JOE on hats and shirts, often using its "Skull Killer" trademark, as appears below:



12. As a result, the Trademark KILLER JOE as come to be favorably known by the public at large, throughout the United States, and has become associated with Plaintiff Baby's Coffee and its coffee products, including whole bean, ground and fresh brewed coffee products, and restaurant services.

13. Through long and extensive use, the Trademark KILLER JOE has become a very valuable asset to Plaintiff and by virtue of dissemination of materials bearing the Trademark and sales made under the Trademark, the mark has become highly distinctive and denotes to

purchasers a line of services and goods which originate with Baby's Coffee, both in the context of retail restaurant services and in the context of whole bean and ground coffee as well on its apparrel.

14. Plaintiff and its predecessors registered, with the United States Patent and Trademark Office Trademark Registration Number 2,547,198, directed to the KILLER JOE trademark, and that registration issued on March 12, 2002 (the "Registration") and has been regularly renewed since then, most recently on May 16, 2022. The registration is for use of the Trademark on coffee, ready to drink coffee, whole coffee beans, and ground coffee. Exhibit A.

15. The Registration is directed to what is known as a trademark consisting of standard characters without any particularity to a particular font style, size or color.

16. As part of Baby's Coffee's promotional efforts, the Plaintiff is very active on social media, where it uses the Trademark in connection with the products and services it provides. Plaintiff's Instagram page has over 5,500 followers. Exhibit B.

17. Baby's Coffee, over the years, expended considerable efforts and sums of money in establishing its business and in promoting sales of its products and services under the Trademark throughout the United States. The long and continued efforts of Baby's Coffee and the high quality of the products and services rendered by Baby's Coffee under the Trademark, both through its mail-order business and restaurant facility in Key West, have resulted in strong consumer recognition of the KILLER JOE Trademark, as being associated with coffee products provided by Baby's Coffee. Tens of thousands of bags of KILLER JOE coffee have been sold by Plaintiff and its predecessors. Thousands of bags of whole bean and ground coffee bearing the KILLER JOE Trademark continue to be sold by Plaintiff every year.

18. In addition, sales of fresh brewed KILLER JOE coffee are one of the most popular items at Plaintiff's retail facility in Key West, Florida, which is located on Route 1, the only road which leads to the very popular tourist destination of Key West, famous for its fine eating, fishing, and beaches, as well as various attractions including the southernmost point in the United States, the Hemingway mansion, shopping and typical beach community attractions. As a result, Plaintiff's retail food facility receives very high traffic from large numbers of people from all over the United States, resulting in the building of its various coffee brands, including KILLER JOE.

19. As a result of such efforts, the KILLER JOE Trademark has become well and favorably known to many customers throughout the United States.

Defendant KJT's Infringing Use of The KILLER JOE Trademark

20. According to a filing made by Defendant KJT in or about June 2024, Defendants and/or one or more of their predecessors in interest began infringement of the KILLER JOE trademark. Alternatively, on information and belief, Defendant Sweet began infringement in or about 2024.

21. When Plaintiff learned of such infringement, Plaintiff promptly, on or about February 3, 2025, wrote a letter (Exhibit C) to Defendant Christine Sweet, advising her of the infringement of Plaintiff's rights in the trademark Killer Joe, after an attempted telephone contact with Ms. Sweet, during which she was advised of Plaintiff's trademark, followed by Defendant Sweet abruptly hanging up the phone in the middle of a short conversation.

22. After an unsuccessful attempt at eliciting a response to the February 3 letter, Plaintiff's counsel was sent a response by attorney Brandon Leavitt. In that response, Defendant

acknowledged the rights of Plaintiff and noted Plaintiff's "long-standing use and federal registration of the KILLER JOE mark for coffee and coffee-related products." Nevertheless, Defendants made it clear that they intended to continue infringing the mark KILLER JOE, after what appeared to be promised menu changes and a change in primary website address from KillerJoeCoffee.com to KillerJoeTx.com. Exhibit D, email of February 13, 2025 from Brandon Leavitt to Anthony H. Handal.

23. The undersigned promptly, that same day, notified counsel to Defendant that such continued use was not acceptable, but that Plaintiff would cooperate to allow a smooth transition to a non-infringing trademark. Exhibit E.

24. On February 26, 2025, Defendant's counsel emailed Plaintiff's counsel essentially refusing to cease the infringement, and offering that both parties agree to each other's use and offering to respect Plaintiff's trademark rights in exchange for a payment. Exhibit F.

25. On February 27, 2025, counsel to Plaintiff, after consulting with Plaintiff emailed counsel to Defendant advising that Defendant's proposal was not accepted, but nevertheless offering to cooperate in an orderly transition from Defendant's infringing trademark usage to a non-infringing trademark. Exhibit G.

26. After Plaintiff's February 27, 2025 email, defendant went silent.

27. On March 7, 2025, Plaintiff sent an email to Defendant's counsel requesting a response to Plaintiff's February 27, 2025 email.

28. On March 10, 2025, Defendants acknowledged the communication and promised a response. Exhibit G.

29. On March 12, 2025, Defendants responded, cryptically, only that Defendants were "weighing their options." Exhibit H.

30. However, unknown to Plaintiff, in between the February 13 and February 26 letters from its counsel, Defendant(s) filed, on February 24, 2025, United States Trademark Application Serial Number 99047432 (the "Application") for the trademark KILLER JOE in combination with a design comprising a skull and hot coffee drink design which appeared, in the application as follows:



See Exhibit I

31. Defendants, in the Application evidenced their intention to misappropriate and take advantage of the goodwill associated with the business of Plaintiff under the KILLER JOE Trademark by including an illustration of a coffee cup in the trademark design which was the subject of the above trademark application. Exhibit I.

32. Such application was directed to products and services substantially identical to those provided by Plaintiff, namely "Restaurant; Restaurant services; Take-away restaurant services; Take-out restaurant services; Italian restaurant services; Cafe services; Cafe and restaurant services; Cafe and snack-bar services; Restaurant and cafe services; Café; Café-restaurants; Catering services." Exhibit I.

33. Plaintiff also notes the specific reference in the Application to "café services"; "café"; and "café-restaurants." Exhibit I

34. Upon information believed, Defendant's trademark application was filed by Defendant Christine Sweet. Exhibit I. Remarkably, in filing Defendants' trademark application, Ms. Sweet alleged, fraudulently, that "[t]o the best of the [her] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." Exhibit I.

35. This misrepresentation is particularly egregious in so far as the details of Plaintiff's use was inarguably well known to Defendant Sweet. Indeed, ***the very day <u>before</u> that***, Defendant, by and through its counsel, acknowledged ***Plaintiff's*** rights in its February 13, 2025 response to Plaintiff's cease-and-desist letter dated February 3, 2025, -- Defendant ***<u>explicitly</u>*** stating its acknowledgement of Plaintiff's "***long-standing use and federal registration of the KILLER JOE mark for coffee and coffee-related products***." Exhibit D. Such acknowledgement was made fully six days before Defendant filed its application on February 19, 2025. Exhibit I.

36. Such violation was not only a fraudulent statement punishable under the penalties of perjury, but the same constituted a complete failure to comply with the duty of candor before the United States Patent and Trademark Office.

37. While the United States Patent and Trademark Office does provide an opportunity for trademark registration to persons who contend that they have rights in a trademark used by another party, such opportunity is by way of application for registration of limited rights to the trademark.

38. However, but such an application is subject to numerous requirements and mandatory disclosures with respect to other users whose rights or potential rights are known to the applicant.

y
z

39. More particularly, in order to file a valid application for any contended rights in the KILLER JOE trademark, Ms. Sweet was obligated to disclose in her trademark application nothing less than her already admitted acknowledgment that, to use her own words, "Baby's Coffee's [had] long-standing use and [a] federal registration of the KILLER JOE mark for coffee and coffee-related products." Exhibit D.

40. Having knowingly and fraudulently in violation of the rules of the United States Patent and Trademark Office filed an application (Exhibit I) for the trademark KILLER JOE by failing to identify all other parties known to her to be using the same or similar marks in commerce, the subject application is of no legal effect.

41. Such application should also have demonstrated that the concurrent use of the mark will not result in a likelihood of confusion among consumers. In fact, the services offered and products bearing the Infringing Trademark are substantially identical to those provided by Plaintiff.

42. No such showing could be made because Defendant(s), like Plaintiff, offer restaurant services, and coffee drink services.

43. Defendant's infringement is extensive and repeated, with a storefront displaying the words "coffee + food" below the Infringing Trademark. Exhibit J. Defendant's social media shows a variety of coffee beverages prominently displaying the Infringing Trademark, namely an orange sticker on coffee cups displaying the Infringing Trademark. Exhibits K, and L. Defendant's Facebook page is also titled "Killer Joe Coffee." Images of the interior of the restaurant show the Infringing Trademark on a large espresso machine at the counter. Exhibit N. Defendant's menu prominently displays a variety of coffee beverages available for purchase at its restaurant, including brewed coffee and a variety of espresso drinks. Exhibit O.

44. Because of such use of the Infringing Trademark by Defendant, the quality of goods and services sold by Defendant bearing the KILLER JOE trademark is beyond Plaintiff's ability to control. Plaintiff notes in particular what is apparently coffee spilling from the expresso machine at the counter. Exhibit N.

45. The infringement is further exacerbated by evidence uncovered in web searches which yielded multiple articles referring to Defendant , and notably referring to Defendant as a coffee shop. Exhibits P, Q, R.

46. Such use of the Infringing Trademark is on services which are substantially identical to services offered by Plaintiff, namely coffee beverages.

47. Furthermore, Defendant's activities have been, upon information and belief, a willful and deliberate attempt to trade upon the goodwill of Baby's Coffee by implying that it is the Texas facility of Plaintiff Baby's Coffee, including, for example, by the addition of the geographical designation "TX" to the KILLER JOE trademark.

48. The willfulness of the Defendant's infringement is proven by the fact that the infringement of the KILLER JOE Trademark was continued despite actual notice by telephone and multiple emails from Plaintiff to Defendants, and the acknowledgment of such notice by Defendants' counsel.

49. Moreover, it is simply inconceivable that a business as sophisticated as that evidenced by the website of Defendant would not adopt a mark without doing a trademark search at the United States Patent and Trademark Office, or, at the very least as a first step, conducting a search on Google which would have revealed Baby's use of the trademark. Accordingly, it would appear that the mark KILLER JOE was adopted in a deliberate attempt to feed off the 30+-year-old reputation of Plaintiff.

50. Alternatively, the actions of Defendants were in grossly willful disregard of the rights of Plaintiff.

51. Further alternatively, Plaintiff pleads that the actions of Defendants were grossly negligent in not uncovering the exclusive rights of Plaintiff to the trademark KILLER JOE.

52. Notwithstanding the intentional, negligent and/or otherwise inexcusable nature of the infringement involved herein, Plaintiff was willing to graciously work with the Defendant to rectify the infringement issue by asking the Defendant to change the name of its restaurant.

53. Defendant's use of the Trademark violates Baby's Coffee's trademark rights and, if not discontinued immediately, will seriously diminish the value of the Trademark as well as divert trade from Baby's Coffee and deceive purchasers.

54. Defendant has used and continues to use the Trademark in connection with the sale of coffee products and restaurant services, and advertising and promotion of the same, in a manner that is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of Defendants' goods and services.

55. Defendants will continue their infringing activities and will continue to cause Baby's Coffee irreparable injury and other harm unless enjoined by this Court.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT

56. As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 55 of this complaint as a part of this Count.

57. Defendants misappropriated Plaintiff's goodwill associated with the Trademark by using the Trademark for Defendant's own competitive advantage.

58. Defendants are misappropriating the goodwill of Plaintiff associated with longstanding use of the Trademark, under which Plaintiff has earned a respected position in the coffee marketplace.

59. Defendant has blatantly and brazenly misappropriated Plaintiff's Trademark for Defendant's own commercial advantage. Defendants use and continue to use Plaintiff's Trademark and continue to benefit from such use.

60. Such infringing use by Defendant has and continues to irreparably injure Plaintiff and is in violation of 15 USC §1114.

61. Plaintiff has suffered damage and Defendants have been unjustly enriched in amounts at present uncertain but believed to be in excess of $100,000 on account of said complained of acts of Defendants. Plaintiff is entitled, in addition to said damages in the amount of said unjust enrichment, to judgment for monies diverted from Plaintiff to Defendants and any damages sustained by Plaintiff in consequence of the deliberate nature of the unfair competition and infringement by Defendants, and on account of the unjust enrichment of Defendant in an amount equaling three times said damages.

62. By reason of the acts of Defendants herein alleged, Plaintiff has been damaged and, unless restrained, Defendants will continue to deceive the public, impair the value of Plaintiff's Trademark and otherwise will cause Plaintiff immediate and irreparable harm. Plaintiff is entitled to an injunction enjoining Defendant from using Plaintiff's Trademark.

## COUNT TWO
## INFRINGEMENT OF COMMON-LAW TRADEMARK RIGHTS

63. As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 62 of this complaint as a part of this Count.

64. Plaintiff's products and services provided under the Trademark have been rendered in interstate commerce and continue to be furnished and performed by Plaintiff throughout the United States.

65. Plaintiff derives substantial benefits from its business under the Trademark.

66. Defendant's acts are a false description and representation that Defendant's goods and services are furnished by, sponsored by and/or affiliated with Plaintiff. Said acts constitute common law trademark infringement and are in violation of the unfair competition and trademark law of the several states, including the State of Texas, in that Defendant has used in connection with goods and/or services, a false designation of origin and a false description and representation, including words likely to confuse the public.

67. By such actions Defendants have damaged Plaintiff Baby's Coffee.

## COUNT THREE
## FEDERAL UNFAIR COMPETITION -- LANHAM ACT SECTION 43(a)

68. As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 67 of this complaint as a part of this Count.

69. Plaintiff, prior to the acts complained of herein, has been and is now engaged in interstate commerce of the United States by virtue of the ongoing provision of goods and services under the Trademark. By virtue of the foregoing activities of Plaintiff, the Trademark have become associated with Plaintiff.

70. The trademark KILLER JOE is inherently distinctive.

71. The aforesaid acts of Defendant constitute unfair competition and passing off and are likely to cause the public to erroneously believe that Defendant's products and services originate with and/or are guaranteed by Plaintiff, or otherwise associated with Plaintiff. Said acts

are in violation of 15 U.S.C. 1125(a) in that Defendant has used, in connection with goods and services, a false designation of origin and a false description and representation, including words, reproductions and other symbols tending falsely to describe or represent the same and have caused such services to enter into interstate commerce.

72. Such acts have injured and continue to injure Plaintiff's business reputation and otherwise injure or destroy the distinctive character of Plaintiff's Trademark and the quality of Plaintiff's reputation associated with its Trademark, all to Plaintiff's substantial and irreparable harm.

73. As a result of defendants' willful, fraudulent and malicious acts, Plaintiff has suffered damage, and Defendants have been unjustly enriched.  Plaintiff is entitled to judgment for Defendants' profits and Plaintiff's losses made on account of the infringement of the rights of Plaintiff and any other damages sustained by Plaintiff in consequence of the deliberate nature of the infringement by Defendant.

74. By reason of the acts of Defendant alleged herein, Plaintiff has been damaged and, unless restrained, Defendant has and will continue to confuse and deceive the public, impair the value of Plaintiff's Trademark and otherwise cause Plaintiff immediate and irreparable harm.

75. Defendant is liable to Plaintiff for violation of 15 U.S.C. 1125(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

(a) This Court grant and enter a judgment that the Plaintiff is the owner of all rights in the Trademark as applied to coffee products, and restaurant services, and that said rights of Plaintiff have been infringed by Defendants and that Defendants and all persons acting in concert

with them be preliminarily and finally enjoined from using the Trademark KILLER JOE, terms confusingly similar thereto, and otherwise infringing upon the Trademark and goodwill of Plaintiff.

 (b) Defendants be required to account to Plaintiff for any and all profits and funds collected or otherwise derived by Defendants from their activities, as well as all damages sustained by Plaintiff Baby's Coffee by reason of Defendant's use of the trademark and unfair competition herein alleged.

 (c) A preliminary and final order enjoining Defendants from use of the Trademark and confusingly similar designations and terms derived therefrom or confusingly similar thereto.

 (d) A preliminary and final order requiring that all documents, electronic documents, websites, materials, labels, signs, products, promotional materials, merch, merchandise, cups, packages, wrappings, receptacles, advertisements, and other business and promotional materials in Defendants' possession or control bearing the pseudo-trademark "Killer Joe", or other infringing or derived designations of origin or any reproduction, counterfeit, or copy of the Trademark including all literature, server copies, uploaded copies, video recordings, audio recordings, publications, contracts, information and other materials embodying the infringing activity forming the subject matter of this complaint, and all plates, files, molds, matrices, electronic files and other means of making the same shall be delivered up and destroyed.

 (e) An order that all Internet traffic to Defendants' websites bearing the term "killerjoe" , "killerjoecoffee", killerjoetx", or variations thereof, or terms confusingly similar thereto be directed to a portal page designed to mitigate confusion and giving the viewer a choice to proceed to a web page to be designated by Plaintiff or a web page to be directed to Defendants, and describing the businesses of both pages.

(f)     An order that Defendants' United States Trademark Application Number 90147432 is null and void, ab initio and of no effect whatsoever.

(g)     An order that the Defendants transfer and assign any domain name comprising in whole or in part the Trademark, with or without spaces, or confusingly similar terms or similar terms, and any other similar or confusingly similar domain names to Plaintiff.

(h)     An order that any and all of Defendant's U.S. trademark registrations and applications for alleged marks including the words "killer" and "Joe" and designations confusingly similar and or otherwise infringing marks are null and void.

(j)     Plaintiff be awarded damages in the amount of Defendants' profits and/or actual damages, which are upon information and belief in the amount of $250,000, together with punitive damages, and that damages be trebled, and that costs of this action be assessed against Defendant.

(k)     Plaintiff have such other and further relief as is just, including costs and attorney's fees.

                                        Respectfully submitted

Dated: April 18, 2025

                            By: /s/ Anthony H. Handal
                                Anthony H. Handal
                                Handal & Morofsky LLC
                                Attorneys for Plaintiff
                                83 East Avenue
                                Norwalk, CT 06851
                                917 880 0811
                                handal@HandalGlobal.com

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Rooster Soul LLC hereby demands a jury trial of any and all issues in this action so triable.

Dated:  April 2, 2025

                By: /s/ Anthony H. Handal
                _____

                Anthony H. Handal
                Handal & Morofsky LLC
                Attorneys for Plaintiff
                83 East Avenue
                Norwalk, CT 06851
                917 880 0811
                handal@HandalGlobal.com